IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                  OPINION AND ORDER

        Plaintiff,

                                                  11-cr-102-bbc

    v.

GREGORY TAYLOR,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Defendant Gregory Taylor has filed a motion for resentencing in which he contends that his sentencing was improper because his counsel was ineffective in having him sign a plea agreement that qualified him as an armed career offender. Defendant also requests appointment of new counsel.

       Although defendant has not filed his petition pursuant to 28 U.S.C. § 2255, he is seeking post conviction relief that he can obtain only through § 2255. Therefore, his submission must be construed as a § 2255 motion. United States v. Evans, 224 F.3d 670, 673 (7th Cir. 2000) ("[A]ny motion filed after the expiration of the time for direct appeal, and invoking grounds mentioned in [§ 2255(1)] is a collateral attack for purposes of

1

[2255(8)].") However, before I attach that label to defendant's motion, I will give him defendant an opportunity to withdraw the motion or resubmit a motion labeled properly as a motion for vacation of sentence pursuant to § 2255. Castro v. United States, 124 S. Ct. 786 (2003); Evans, 224 F.3d at 675; Henderson v. United States, 264 F.3d 709 (7th Cir. 2001).

If defendant chooses not to withdraw the motion, I will have to treat it as one brought under § 2255. In that instance, defendant should be aware that he will not have another chance to file a § 2255 motion without the advance permission of the court of appeals. § 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . ."). If he thinks he has additional grounds to assert, he should withdraw his present motion and amend it to include every § 2255 claim he believes he has. I am enclosing a form that he may use.

If defendant chooses to pursue a § 2255 motion, he should keep in mind the time limits that apply to the filing of such motions. In particular, he should take particular notice that 28 U.S.C. § 2255 sets out four events that start the running of the one-year limitations period for the filing of post conviction motions: (1) the date on which the judgment of conviction becomes final; (2) the date on which an impediment to making a motion is removed (and the impediment was the result of government action in violation of the Constitution or laws of the United States); (3) the date on which the facts supporting the

2

claims could have been discovered through the exercise of due diligence; or (4) the date "on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

In addition, defendant should know that it is unlikely that he could prevail on his claim that his lawyer did not give him effective representation when she failed to object to the government's treatment of him as an armed career criminal under 18 U.S.C. § 924(e). If I understand the challenge defendant is making, he believes that he should not have been sentenced as an armed career criminal under § 924(e) for three reasons: (1) although he was convicted of armed robbery in 1988, his codefendant was the one who had the weapon and defendant did not possess a gun or even touch one during the crime; (2) the burglaries for which he was convicted did not involve guns; and (3) all of the previous violent offenses occurred more than 15 years before he was charged in this case.

As to the armed robbery conviction in 1988, the record shows that defendant was convicted of being a party to the crime of armed robbery, which is considered a violent felony. He could be convicted of that offense even if he did not possess or touch the gun, so long as he was participating with someone who did have a gun. United States v. Nigg, 667 F3d 929, 937 (7th Cir. 2012). As to the burglaries that he says did not involve guns, burglaries of homes are treated as violent felonies even if a gun is not involved. Shepard v.

3

United States, 544 U.S. 13, 15-16 (2005) (burglary is violent felony if committed in building or enclosed space; defendant was charged with burglaries of dwellings). Finally, as to the dates on which the prior crimes were committed, § 924(e) takes into consideration all prior violent felonies, even old ones. There is no 15-year limit as there is when calculating whether a defendant is a career offender under the United States Sentencing Guidelines. (Under the guidelines, a defendant is classified as a career offender only if he committed two crimes of violence or felony controlled substance offenses within 15 years of the crime for which he is being sentenced or if he was serving time for such offenses within 15 years of his new offense. U.S.S.G. §§ 4B1.1; 4A1.2(e).)

At the time of his sentencing, defendant's record showed that as of 1992, he had been convicted of nine offenses that constituted crimes of violence, including robbery, armed robbery and burglary of a dwelling. Although some of those crimes could not have been counted for career offender status because of their ages, all of them could be counted in determining whether defendant met the criteria for armed career criminal.

Defendant's request for appointment of counsel will be denied at this time. If at any time defendant files a motion that I determine requires an evidentiary hearing, I will appoint counsel for him.

4

ORDER

IT IS ORDERED that defendant Gregory Taylor may have until May 23, 2013, in which to advise the court whether he wishes to withdraw his motion for reduction of sentence, dkt. #149, or wishes to have the court construe the motion as a motion brought under 28 U.S.C. § 2255.

Defendant's motion for appointment of counsel, dkt. #149, is DENIED as premature.

Entered this 10th day of May, 2013.

BY THE COURT:  
/s/  
BARBARA B. CRABB  
District Judge